IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLEAN EARTH, INC. | : |
| Plaintiff, | : |
| -against- | : |
| CLEAN EARTH DISPOSAL, INC. | : |
| Defendant. | : |

CIVIL ACTION No.

JURY DEMANDED

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

Plaintiff, Clean Earth, Inc., avers as follows:

### Parties

1.    Plaintiff, Clean Earth, Inc., ("CE") is a Pennsylvania corporation with its principal place of business in 334 S. Warminster Road, Hatboro, PA 19040.

2.    Defendant, Clean Earth Disposal, Inc., ("Disposal") is a Pennsylvania corporation with a place of business in 2 W. Butler Avenue, Doylestown, PA 18901.

3.    CE is one of the largest specialty waste companies in the United States providing remediation, disposal, recycling, and beneficial reuse solutions for contaminated soil, dredged material, and hazardous and non-hazardous waste.  For over twenty (20) years, CE has operated

its business using its CLEAN EARTH trademark.  In addition to remediation services, it also engages in debris removal and transportation services.

4.      Upon information and belief, defendant Disposal started its business in waste disposal and dumpster rental under its CLEAN EARTH DISPOSAL marks in 2016.

## Jurisdiction and Venue

5.      This Court has subject matter jurisdiction over plaintiff's claims under 28 U.S.C. §§ 1331 (federal question), 1338(a) (trademark infringement), and 1338(b) (unfair competition joined with a claim for trademark infringement).

6.      This Court has supplemental jurisdiction over all other claims asserted in this action pursuant to 28 U.S.C. § 1367.

7.      Plaintiff's claim against Disposal for trademark infringement arises from Disposal's use of a trademark that is confusingly similar to CE's CLEAN EARTH registered trademarks, enumerated below, in commerce to promote and sell its dumpster rental and debris removal services such that consumers would be confused as to the source, origin, or sponsorship of Disposal's services.

8.      This Court has personal jurisdiction over Disposal based on Disposal's contacts with this Commonwealth and District, including its Doylestown, Pennsylvania office and the sale of services using "CLEAN EARTH DISPOSAL" to identify itself, and those services, within this Commonwealth and District.

9.      Because this Court has personal jurisdiction over Disposal, under 28 U.S.C. §1391(c)(2), Disposal is deemed to reside in this district for purposes of venue.

10.     Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Disposal, the sole defendant, is deemed to reside in this district.

## COUNT I: Federal Trademark Infringement (§ 32 of the Lanham Act)

11.     CE has been using the CLEAN EARTH trademark since at least as early as 1991.

12.     CE first sought federal trademark registration for its CLEAN EARTH marks in 1990.  The first of its trademark registrations was issued in 1992.

13.     Plaintiff is the owner of the United States Trademark Registrations and applications set forth on Exhibit A (collectively as "CLEAN EARTH marks").  True and correct copies of the Trademark Registration Certificates are attached as Exhibit B.

14.     CE has provided its environmental remediation services under its CLEAN EARTH marks to businesses throughout the United States. As its business continues to grow, CE has expanded its lines of business from soil remediation to construction clean-up, solid and hazardous waste collection, including construction and demolition debris removal, recycling and disposal services.

15.     In April 2018, CE's principal was alerted to Disposal's use of its CLEAN EARTH DISPOSAL marks on containers by employees who had observed Disposal's use of CE's registered marks.

16.     Disposal's use of a mark that is similar in appearance, sound, and commercial impression, along with the similarity of the services and target consumers, is likely to create confusion as to source, origin, affiliation, or sponsorship in the marketplace.

17.     CE promptly requested Disposal to cease and desist from using the confusingly similar trademark in May 2018.  A true and correct copy of the cease and desist letter from CE's counsel to Disposal dated May 17, 2018 is attached as Exhibit C.

18.     Following Disposal's receipt of CE's counsel's May 17, 2018 cease and desist letter, counsel for CE attempted to obtain compliance from Disposal.  Although counsel for the

Parties had initial discussions about this matter, despite following up by email and telephone on multiple occasions, counsel for Disposal has given no response over the last several months.

19.     During this time, Disposal has continued for over eight (8) months to use the CLEAN EARTH DISPOSAL marks in its container rental and construction and demolition debris removal business, despite being on clear notice of CE's registered trademarks and the charge of infringement thereof.

20.     Disposal's unauthorized use of marks, confusingly similar to CE's CLEAN EARTH marks, in connection with container rental and construction and demolition debris removal services is likely to cause confusion, or mistake, or to deceive, as to the source or origin of Disposal's services and constitutes infringement of CE's rights in its registered marks in violation of 15 U.S.C. § 1114.

21.     As a result of Disposal's infringement, CE has suffered and continues to suffer irreparable harm.

## COUNT II: False Designation of Origin  (§ 43(a) of the Lanham Act)

22.     Plaintiff incorporates by reference the allegations of all preceding paragraphs of this complaint.

23.     Disposal's use of the CLEAN EARTH DISPOSAL marks in connection with container rental and construction and demolition debris removal services creates a likelihood of confusion in the marketplace as to the origin of Disposal's and Plaintiff's respective services, particularly in construction and demolition debris removal and transportation services.

24.     Disposal's use of "CLEAN EARTH" in connection with Disposal's container rental and construction and demolition debris removal services is likely to cause confusion or mistake, or to deceive, as to the source or origin of the goods and/or services and constitutes a

4

False Designation of Origin within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C.

§ 1125(a).

## COUNT III: Unfair Competition (§ 43(a) of the Lanham Act)

25.     Plaintiff incorporates by reference the allegations of all preceding paragraphs of

this complaint.

26.     Disposal's use of "CLEAN EARTH" in connection with construction and

demolition debris removal and container rental services, is likely to cause confusion, or to cause

mistake, or to deceive as to the affiliation, connection, or association of the services of Disposal

with CE, or as to the origin, sponsorship, or approval of Disposal's services by the Plaintiff.

27.     Disposal's use of "CLEAN EARTH" is likely to create a false impression in the

minds of consumers that Disposal is affiliated with, endorsed or sponsored by CE.

28.     Disposal's use of "CLEAN EARTH" constitutes unfair competition in violation

of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29.     CE has been and likely will continue to be damaged by these acts of unfair

competition by Disposal.

30.     As a result of Disposal's acts of unfair competition alleged herein, CE has

suffered and will continue to suffer irreparable harm.

31.     Disposal's acts of unfair competition have been knowing and intentional.

32.     Plaintiff incorporates by reference the allegations of all preceding paragraphs of

this complaint.

33.     Plaintiff's registered "CLEAN EARTH" marks is a mark that is widely

recognized by the United States consuming public as a source of excellent waste remediation,

removal, disposal and recycling services, and is famous within the meaning of the Federal

Trademark Dilution Act, 15 U.S.C. §1125(c).

34.     Upon information and belief, Disposal intended to create an association with

Plaintiff's famous "CLEAN EARTH" registered marks and deliberately chose to use CLEAN

EARTH DISPOSAL as a name and marks to promote and sell its waste disposal and container

rental services.

35.     Upon information and belief, Disposal began using CLEAN EARTH DISPOSAL

in or after 2016, long after CE's "CLEAN EARTH" marks became famous.

36.     Disposal's use of CLEAN EARTH DISPOSAL to promote or sell waste disposal

and container rental services is diluting and impairing the distinctive quality, uniqueness and

singularity of CE's famous "CLEAN EARTH" registered marks by blurring, which constitutes

dilution by blurring.

37.     Disposal has willfully intended to trade on the good will associated with CE's

"CLEAN EARTH" marks.

38.     Disposal's use of CLEAN EARTH DISPOSAL to promote or sell waste disposal

and container rental services that are inferior to CE's services sold under its famous "CLEAN

EARTH" registered marks is diluting the distinctive quality of CE's famous marks by tarnishing

it with negative associations and harming the reputation of the CE's famous marks, constituting

dilution by tarnishment.

39.     Disposal's use of CLEAN EARTH DISPOSAL has been and continues to be

commercial in nature, does not constitute fair use, and does not constitute use in news reporting

and commentary.

40.     Disposal's use of CLEAN EARTH DISPOSAL has diluted and/or will continue to dilute the distinctive quality of CE's registered "CLEAN EARTH" marks.

41.     As a result of Disposal's continued use of CLEAN EARTH DISPOSAL as alleged herein, CE has suffered and will continue to suffer irreparable harm.

## COUNT IV: Unfair Competition Under Pennsylvania Law

42.     Plaintiff incorporates by reference the allegations of all preceding paragraphs of this complaint.

43.     This cause of action arises under state statutory and common law of unfair competition, including the Pennsylvania Unfair Trade Practices and Consumer Protection Act, 73 P.S. § 201-1 et seq.

44.     By the acts and activities complained of herein, defendant Disposal has passed off and continues to pass off its services as being produced by, under license from, or with the authorization or approval of plaintiff CE.

45.     Plaintiff CE has no control over the infringing services sold or offered for sale by Disposal.

46.     CE's good will and reputation have been and will continue to be irreparably harmed by Disposal's deceptive and unauthorized use of CE's CLEAN EARTH marks.

## COUNT V: Unjust Enrichment

47.     Plaintiff CE incorporates by reference the allegations of all preceding paragraphs of this complaint.

48.     Defendant Disposal has intentionally used its CLEAN EARTH DISPOSAL marks which is likely to create confusion with CE's registered CLEAN EARTH marks, all without

authorization or justification in connection with its sale or offers to sell debris removal and dumpster rental services.

49.     Defendant Disposal would be unjustly enriched if it were permitted to retain any the profits it has made as a result of such unauthorized use.

## COUNT VI: Accounting

50.     Plaintiff CE incorporates by reference the allegations of all preceding paragraphs of this complaint.

51.     Plaintiff CE is entitled by law and equity to receive an accounting of Disposal's income, assets, and expenditures relating to its use of confusingly similar CLEAN EARTH marks.

WHEREFORE, plaintiff prays that this Court enter judgment against Disposal as follows:

A.      a permanent injunction immediately enjoining and restraining Disposal and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with them, from using CE'S CLEAN EARTH marks, or any other name, marks, or design confusingly similar thereto or dilutive thereof, including but not limited to the continued use of the name and mark CLEAN EARTH DISPOSAL;

B.      an order requiring all products, labels, brochures, signs, advertisements, web pages, or other materials in Disposal's possession or control bearing the CLEAN EARTH name and marks, or any other name, marks, or design confusingly

similar thereto or dilutive thereof, including Disposal's CLEAN EARTH

DISPOSAL marks, to be delivered up and destroyed;

C.      an award of all damages and other monetary relief for trademark infringement

pursuant to 15 U.S.C. § 1117;

D.      an award of CE's attorneys' fees due to the exceptional nature of Disposal's

conduct pursuant to 15 U.S.C. § 1117 and applicable state law;

E.      a declaration that Disposal's copying, adoption, and use of CE's CLEAN EARTH

marks constitutes one or more of the following: trademark infringement,

trademark dilution, false designation of origin, and unfair competition under both

federal and state law;

F.      a declaration that Disposal's retention of its profits from use of the CLEAN

EARTH marks or any other name, marks, or design confusingly similar thereto or

dilutive thereof would constitute unjust enrichment;

G.      an order that Disposal terminate immediately any use of dumpsters branded with

the CLEAN EARTH DISPOSAL marks;

H.      an award of compensatory and punitive damages, including disgorgement of

defendant's profits related to the sale of unauthorized services under its infringing

CLEAN EARTH DISPOSAL marks;

I.      an order for an accounting of all sums received by Disposal related to the

unauthorized sale of services branded with its infringing CLEAN EARTH

DISPOSAL marks;

J.      an award of pre-judgment and post-judgment interest on the damages caused to

plaintiff by reason of Disposal's infringement;

K.      an award of all costs of this suit; and

L.      an award of further relief as the Court deems just and proper.

<strong><u>JURY DEMAND</u></strong>

Plaintiff demands a trial by jury on all issues so triable.


Dated:    Philadelphia, Pennsylvania
          April 4, 2019

Stephenie W. Yeung (PA ID No. 84415)
W. Drew Kastner (PA ID No. 326582)
Daniel B. Gross (PA ID No. 324420)
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 751-2000